IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN KENNEDY,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDITGO, LLC,<br><br>    Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-1790 (JBS-KMW)<br><br>**OPINION** |

**SIMANDLE**, Chief Judge:

Presently before the Court is Plaintiff Stephen Kennedy's Motion for Default Judgment. (Dkt. Entry No. 14.) For the reasons set forth below, Plaintiff's Motion will be granted in part and denied without prejudice in part.

## I. BACKGROUND

Plaintiff Stephen Kennedy, a professional photographer, brings this action against Defendant Creditgo, LLC ("Defendant" or "Creditgo"), for copyright infringement and removal of copyright management information ("CMI") under 17 U.S.C. Chapters 5 and 12.

On December 8, 2008, Plaintiff registered a stock photography image with the United States Copyright Office, Registration Number VAu 1-012-293. (Compl. ¶ 15.) The image, published on Plaintiff's website, captures a model standing against a car. (Compl. ¶¶ 11, 12.) As the image's creator, Plaintiff is credited with the rights to the image by an identifying watermark displayed at the bottom of the image. (Compl. ¶ 13.)

Subsequent to Plaintiff's registering the image with the Copyright Office, Defendant used the image in association with its website, www.carloango.com, without Plaintiff's permission or consent. (Compl. ¶ 41.) The image was displayed on Defendant's website above the caption, "24/7 Customer Service & Support" with Plaintiff's identifying watermark omitted. (Compl. ¶¶ 18, 22.)

On October 8, 2014, after discovering the image on Defendant's website, Plaintiff, by way of counsel, notified Defendant of the infringing use of the image. (Compl. ¶ 27.)

Defendant responded to Plaintiff's notification via telephone on November 14, 2014. (Compl. ¶ 29.) After the telephone conversation, the infringing image was removed from Defendant's website. (Compl. Ex. E.)

Plaintiff filed a Summons and Complaint on March 11, 2015, alleging copyright infringement and removal of CMI. (Greenberg Decl. ¶ 5; Compl. ¶¶ 41-55.)

On August 7, 2015, upon Defendant's failure to submit an Answer in the required time period, the Clerk of this Court entered a default against Defendant. (Greenberg Decl. ¶ 10; Dkt. Entry No. 12.)

Plaintiff now moves for default judgment against Defendant requesting a permanent injunction, statutory damages totaling $175,000.00, and costs of $457.00. (Mem. Law Supp. 5, 6, 8.)

## II. ANALYSIS

The entry of default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. First, the party seeking default judgment must request that the Clerk of Court enter a default against the party for failing to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, after the Clerk of Court enters default, the party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

The Clerk of Court entered default against Defendant on August 7, 2015 (Dkt. Entry No. 12) fulfilling the first requirement of Rule 55. The Court must now consider whether granting default judgment against Defendant is appropriate. For the reasons set forth below, Plaintiff's Motion will be granted as to Defendant's liability.

### A. Legitimate Cause of Action

Before granting a default judgment, the Court must consider "whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *DirecTV, Inc. v. Decroce*, 332 F. Supp. 2d 715, 717 (D.N.J. 2004) (citing 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)). Once a party has defaulted,

3

the Court must treat the factual allegations as proven by Plaintiff. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

Plaintiff alleges that Defendant committed copyright infringement in violation of section 501 of the Copyright Act by using an image registered to Plaintiff by the United States Copyright Office without Plaintiff's authorization, license or consent. (Compl. ¶¶ 15, 41-42.) Additionally, Plaintiff alleges that Defendant removed Plaintiff's identifying watermark on the image in violation of section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). (Compl. ¶ 50.) Each of these will be addressed in turn.

## 1. Copyright Infringement

First, Plaintiff seeks default judgment against Defendant for copyright infringement under 17 U.S.C. § 501 of the Copyright Act. To succeed on a claim for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "Copying refers to the act of infringing any of the exclusive rights . . . as set forth at 17 U.S.C. § 106, 'including the rights to distribute and reproduce copyrighted material.'" *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 291 (3d Cir. 1991)).

4

The uncontested record indicates that Plaintiff owned a valid copyright by registering this image with the United States Copyright Office. (Compl. ¶ 15.) Furthermore, the record indicates that Defendant used the registered image on its website without Plaintiff's authorization. (Compl. ¶ 41.) The Court accepts these allegations as true and concludes that Plaintiff has established a legitimate claim for copyright infringement on which relief can be granted.

## 2. Removal of CMI

Next, Plaintiff seeks default judgment for Defendant's removal of copyright management information ("CMI") as prohibited under 17 U.S.C. § 1202 of the DMCA. Section 1202(b) provides in part: "No person shall, without the authority of the copyright owner or the law—(1) intentionally remove or alter any copyright management information." 17 U.S.C. § 1202(b). The definition of "copyright management information" under section 1202(c) includes "[t]he name of, and other identifying information about, the author of a work." 17 U.S.C. § 1202(c)(2).[1]

Plaintiff has established that Defendant removed the CMI in violation of 17 U.S.C. § 1202 by displaying the image on its

---

[1] Addressing a similar cause of action under the DCMA, the Third Circuit stated, "the mere fact that [Plaintiff]'s name appeared in a printed gutter credit near the Image rather than as data in an "automated copyright protection or management system" does not prevent it from qualifying as CMI or remove it from the protection of § 1202." *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 305 (3d Cir. 2011).

website in a way that omitted Plaintiff's ownership watermark. (Compl. ¶ 50.) The Court accepts these allegations as true and concludes that Plaintiff has established a legitimate cause of action under the DCMA.

## B. Default Judgment

The Court must now consider three factors that control whether a default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

The Third Circuit's factors weigh in favor of default judgment. First, Plaintiff would suffer prejudice if default judgment were denied because Plaintiff has no other remedy against Defendant. Under the second and third factors, Defendant's failure to respond indicates the lack of a meritorious defense and constitutes culpable conduct. *See York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 U.S. Dist. LEXIS 36709, at *9 (D.N.J. Apr. 14, 2010) (holding that failure to respond to the Complaint or Motion for Default Judgment is culpable conduct and indicates no meritorious defenses). Further, no available defense is apparent from the pleadings. Accordingly, default judgment against Defendant is appropriate.

For these reasons, Plaintiff's Motion will be granted as to Defendant's liability for copyright infringement and removal of CMI.

### III. APPROPRIATE RELIEF

The Court must next consider Plaintiff's request for injunctive relief, damages, and costs. "Although the Court should accept as true the well-pleaded factual allegations of the Complaint when considering a motion for default judgment, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages." *Broad. Music, Inc. v. Spring Mt. Area Bavarian Resort, LTD*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

### A. Injunctive Relief

Plaintiff requests a permanent injunction against Defendant to guarantee Defendant will not continue to offend Plaintiff's copyrights. Section 502(a) of the Copyright Act provides that the Court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

In order for a permanent injunction to be granted, Plaintiff must show some cognizable danger that, without the injunction, Defendant will continue to injure Plaintiff by infringing on copyrights. *See Granger v. One Call Lender Servs., LLC*, No. 10-3442, 2012 U.S. Dist. LEXIS 104885, at *16 (E.D. Pa. July 26,

2012.) ("Because injunctive relief is prospective, 'a permanent injunction will issue only where a threat of harm exists, not just where potential harm exists.'") (quoting *McLendon v. Cont'l Can Co.*, 908 F.2d 1171, 1182 (3d Cir. 1990)); *see also Primepoint, LLC v. PrimePay, Inc.*, 401 F. App'x 663, 664 (3d Cir. 2010.) ("Where the illegal conduct has ceased, the party seeking the injunction bears the burden of proving that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive.").

Because the infringing image was removed promptly from Defendant's website upon notice of violation and because there is no indication that such infringement has been, or is likely to be, repeated, Defendant no longer presents a threat of continued copyright infringement against Plaintiff. (Compl. Ex. E.) Furthermore, Plaintiff has shown no basis for an existing threat of harm; rather, Plaintiff's request for an injunction is premised on the *potential* that Defendant may continue to offend the copyrights in the future. Absent any indication of an existing threat against Plaintiff, a permanent injunction is not warranted.

For these reasons, Plaintiff's Motion as to injunctive relief is denied without prejudice.

## B. Damages

Plaintiff also requests maximum statutory damages of $150,000.00 under 17 U.S.C. § 504 for copyright infringement and $25,000.00 under 17 U.S.C. § 1203(c)(3)(B) for removal of CMI.

An award of statutory damages serves two purposes: 1) to compensate the plaintiff for the violation; and 2) to deter the defendant from future violations. *See Broad. Music*, 555 F. Supp. 2d at 544 (quoting *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-4962, 2005 U.S. Dist. LEXIS 416, at *12 (E.D. Pa. Jan. 11, 2005)).

When considering the appropriate amount of statutory damages, courts should consider the following factors: "(1) expenses saved and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 465 (E.D. Pa. 1987). "In determining the amount of statutory damages, it is important that an infringer 'not reap a benefit from its violation of the copyright laws [and] that statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them.'" *Broad. Music,* 555 F. Supp. 2d at 544 (quoting *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 958 (E.D. Pa. 1990)).

In the context of default judgment cases, courts can award the minimum statutory damages without conducting a hearing[2] and

---

[2] In *Fonovisa, Inc. v. Merino*, the District Court for the District of New Jersey noted that "[i]n default judgments in copyright infringement cases, federal courts routinely award

9

can award above the minimum if the facts and filings provide a sufficient basis to determine whether the requested statutory damages are just. *See id.* at 544-45. In determining the just amount of statutory damages to award, "[t]he defendant's conduct is the most important factor." *Schiffer Publ'g, Ltd v. Chronicle Books, LLC*, No. 03-4962, 2005 U.S. Dist. LEXIS 416, at *14 (E.D. Pa. Jan. 11, 2005) (citing *Original Appalachian*, 658 F. Supp. at 465).

Each of Plaintiff's requests for statutory damages will be addressed in turn.

### 1. Copyright Infringement

Plaintiff requests the maximum statutory damages of $150,000 for willful copyright infringement. Under 17 U.S.C. § 504(c), a plaintiff may "recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the infringement was committed willfully, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

As willfulness is not defined in either the Copyright Act or its legislative history, its meaning has come from the courts. *See Original Appalachian*, 658 F. Supp. at 464. Courts have defined willfulness "as requiring the plaintiff to show that the infringer

---

minimum statutory damages." No. 06-3538, 2006 U.S. Dist. LEXIS 89212, at *6 (D.N.J. Nov. 27, 2006).

acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyrights." *Id.* A defendant's knowledge or reckless disregard does not have to be shown directly but "may be inferred from the defendant's conduct." *Bly v. Banbury Books, Inc.*, 638 F. Supp. 983, 986 (E.D. Pa 1986).

Plaintiff alleges that Defendant's infringement is willful because Defendant purposefully removed Plaintiff's copyright management data before displaying the photo. Because Defendant has defaulted, the Court must accept as true Plaintiff's factual allegations. *See Comdyne I, Inc.*, 908 F.2d at 1149. The uncontested record indicates Defendant removed Plaintiff's watermark, which identified the image as belonging to the Plaintiff. From this behavior, the Court infers evidence of willfulness. This is to be considered, among other evidence, to determine whether Defendant knew it was infringing on Plaintiff's copyright or exhibited reckless disregard by displaying the image in such a manner on its website.[3]

---

[3] Some courts have inferred willfulness by way of defendant's default alone. *See Sony Music Entertainment v. Cassette Prods.*, No. 92-4494, 1996 U.S. Dist. LEXIS 21552, at *11 (D.N.J. Aug. 16, 1996) ("The Court may infer that Defendant Lopez willfully infringed Plaintiffs' copyrights in the sound recordings because Defendant Lopez defaulted and consciously chose not to defend this action); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03-0996, 2004 U.S. Dist. LEXIS 12760, at *8 (S.D.N.Y. July 9, 2004) ("Additionally, the entry of default judgment alone supports the finding of willfulness."); *Miche Bag, LLC v. Ayers*, No. 4-09-3261, 2010 U.S. Dist. LEXIS 130663, at *10 (D.S.C. Sept. 22, 2010) ("Furthermore, a defendant's default may establish willful copyright infringement.").

In addition, willful infringement does not automatically give rise to heightened statutory damages. *See Broad. Music*, 555 F. Supp. 2d at 545 (finding plaintiff's request for $2,000 per infringed work reasonable despite willful infringement including defendant's persistent conduct after notification of violation).[4] Some courts will only award enhanced statutory damages in "exceptional cases" or with evidence of "especially egregious circumstances." *See Schiffer Publ'g, Ltd v. Chronicle Books, LLC*, No. 03-4962, 2005 U.S. Dist. LEXIS 416, at *16 (E.D. Pa. Jan. 11, 2005) ("awards outside the ordinary statutory range are made only in 'exceptional cases,' and there must be evidence of 'especially egregious circumstances.'") (citing *Joe Hand Promotions v. Burg's Lounge*, 955 F. Supp. 42, 44 (E.D. Pa. 1997)(internal citations omitted)).

Because this is a default judgment case with a request for statutory damages above the minimum, and because additional information is needed to address willfulness, Plaintiff must

---

[4] *See also Granger v. Once Call Lender Servs., LLC*, No. 10-3442, 2012 U.S. Dist. LEXIS 104885, at *8-9 (E.D. Pa. July 26, 2012) (using multiplier of ten to award $12,000 per willful infringement where award of $150,000 was "clearly excessive" because the only evidence presented as to Plaintiff's actual loss was licensing fee); *Palmer v. Slaughter*, No. 99-899, 2000 U.S. Dist. LEXIS 22118, at *14 (D. Del. July 13, 2000) (awarding $10,000 per work where willful infringement involved defendant's refusal to cease infringing activities after plaintiff's repeated requests); *but see Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 U.S. Dist. LEXIS 167759, at *9-10 (E.D. Pa. Nov. 25, 2013) (awarding maximum statutory damages of $150,000 without evidence of plaintiff's lost profits).

provide a sufficient basis for the Court to determine whether the requested statutory damages are just. *See Broad. Music*, 555 F. Supp. 2d at 544. Plaintiff has not established that Defendant's actions in this case constitute egregious circumstances, especially since Defendant did not persist in the infringing conduct and instead promptly removed the offending image from its website upon Plaintiff's notification and before suit was commenced.

To make an appropriate determination on damages, the Court requires more information including, if possible, the methods and motives of this infringement, expenses saved and profits reaped by the infringer and revenues lost by the plaintiff. *See Original Appalachian*, 658 F. Supp. at 465. Plaintiff provided the Court with the relevant ranges for awarding statutory damages under the statute. However, Plaintiff has not advised the Court of his licensing rate, nor has he provided an estimate of the loss he experienced. For this reason, the Court will direct Plaintiff to submit additional briefing and an affidavit or certification of facts relevant to the question of damages, consistent with the above discussion. In lieu thereof, Plaintiff may indicate that the statutory minimum of $750 is sufficient.

### 2. Removal of CMI

Plaintiff also requests the maximum statutory damages of $25,000 for Defendant's removal of CMI. Under 17 U.S.C. § 1203(c), a plaintiff may "recover an award of statutory damages for each

violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B).

As noted above, the Court requires additional information to determine the appropriate award of statutory damages. The Court must have a basis to make this determination, such as revenues lost by Plaintiff and the amount of expenses saved and profits gained by Defendant. *See Original Appalachian*, 658 F. Supp. at 465. Additionally, the Court requires additional information as to how Defendant's conduct rises to such an egregious level as to warrant the maximum award of statutory damages.

The Court will direct Plaintiff to submit additional briefing and an affidavit or certification on damages. In lieu thereof, Plaintiff may indicate that the statutory minimum of $2,500 is sufficient.

## C. Costs

Finally, Plaintiff requests costs totaling $457.00.

Pursuant to 17 U.S.C. § 505, a court may, at its discretion, award costs and attorneys' fees to a prevailing party in a copyright infringement suit. 17 U.S.C. § 505.

Here, the Court finds the award of costs is appropriate. Plaintiff's request for $457.00 is reasonable.[5]

---

[5] Plaintiff has not sought attorneys' fees in connection with counsel's work to date, pointing out that these actions are "routinely" litigated by counsel's office. Because additional services are now required of counsel, Plaintiff may seek fees in an amount documented as required by Local Civil Rule 54.2 within the above fourteen (14) day period.

For these reasons, Plaintiff's Motion as to costs is granted.

## IV. CONCLUSION

In light of the foregoing, Plaintiff's Motion for Default Judgment will be granted as to Defendant's liability, denied as to injunctive relief without prejudice, and granted as to costs. The Court defers the determination of statutory damages pending further submissions; the Court will direct Plaintiff to submit supplemental briefing and an affidavit or certification of facts relevant to damages within fourteen (14) days of entry of this Order. An appropriate Order accompanies this Opinion.


__December 2, 2015__                              __s/ Jerome B. Simandle__
                                                 JEROME B. SIMANDLE
                                                 Chief U.S. District Judge