```
            UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEPHEN KENNEDY | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | 1:15-cv-01790 |
| v. | **MEMORANDUM OPINION** |
| CREDITGO, LLC | |
| Defendant. | |

**SIMANDLE**, Chief Judge:

   This matter comes before the Court by way of Plaintiff Stephen Kennedy's Motion for Default Judgment. [Docket Item 14]. In Plaintiff's Motion for Default Judgment, Plaintiff alleged that Defendant infringed upon Plaintiff's copyright and removed copyright management information in violation of 17 U.S.C. § 501 and 17 U.S.C. § 1202. (Id.) On December 2, 2015, this Court granted Plaintiff's Motion for Default Judgment as to liability and costs. [Docket Items 18, 19]. However, Plaintiff's original submission did not have sufficient information for the Court to determine if the statutory damages requested by the Plaintiff were just (Id.). The Court denied without prejudice Plaintiff's motion as to statutory damages, and permitted Plaintiff to submit a renewed statutory damages application within 14 days of the entry of the order. [Docket Items 18, 19].

In the opinion accompanying the December 2, 2015 order, the Court explained that Plaintiff did not provide his licensing rate nor an estimate of his loss, and requested that Plaintiff provide, where possible, "the expenses saved and profits reaped by the infringer and revenue lost by the plaintiff." [Docket Item 18]. The Court also requested additional information on damages in regards to the removal of copyright management information. (Id.)

On December 21, 2015, Plaintiff's attorney wrote a letter to the Court stating that he had not seen the opinion and order, and requesting an extension to January 8, 2016. [Docket Item 20]. The Court granted the extension. [Docket Item 21].

On January 8, 2016, Plaintiff filed an additional submission, including a supplemental sworn declaration of Stephen Kennedy. (Declaration of Stephen Kennedy "Kennedy Dec.")[Docket Item 22]. In the declaration, Plaintiff stated that the image at issue was created during a photo shoot he produced for an auto insurance company. (Kennedy Dec. ¶ 22). Plaintiff stated that the company paid him $7,600 for the photo shoot and for a limited license. (Id.) Plaintiff indicated that the fee he was paid "includes the license fee as well as the cost of production, which includes fees to the model and for casting, location scouting and fees, prop selection and preparation." (Id. ¶ 23). Plaintiff did not specify

what it would have cost Defendant to license the individual photo at issue.[1]

II. Discussion

"Statutory damages serve the dual purposes of compensation and deterrence: they compensate the plaintiff for the infringement of its copyrights; and they deter future infringements by punishing the defendant for its actions." Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 544 (E.D. Pa. 2008) (quoting Schiffer Publ'g, Ltd. v. Chronicle Books, No. CIV.A.03-4962, 2005 WL 67077, at *5 (E.D. Pa. Jan. 11, 2005)). "In determining the amount of statutory damages, it is important that an infringer 'not reap a benefit from its violation of the copyright laws [and] that statutory damages should exceed the unpaid license fees so that defendant will be put on notice that it costs less to obey the copyright laws than to violate them.'" Broad. Music, Inc., 555 F. Supp. 2d at 544 (quoting A & N Music Corp. v. Venezia, 733 F. Supp. 955, 958 (E.D. Pa. 1990)).

To determine the appropriate amount of statutory damages, courts must consider the following factors: "(1) expenses saved

---

[1] Plaintiff stated that he would have refused to issue Defendant a license: "Even if Creditgo had inquired about a stock license for that or even another photograph, it is highly unlikely that one would have been granted as my goal is to only allow licensees from legitimate and blue chip companies to do business with me." (Kennedy Dec. ¶ 27).

3

and profits reaped by the infringer; (2) revenues lost by the plaintiff; (3) the strong public interest in insuring the integrity of the copyright laws; and (4) whether the infringement was willful and knowing or innocent and accidental." Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc., 658 F. Supp. 458, 465 (E.D. Pa. 1987). In determining the just amount of statutory damages, "[t]he defendant's conduct is the most important factor." Broad. Music, Inc. v. Longhorn Corral, Inc., No. CV 15-950, 2016 WL 164607, at *3 (W.D. Pa. Jan. 14, 2016)(citing Schiffer, 2005 WL 67077, at *5).

Where there has been a default judgment, as here, and the Plaintiff requests statutory damages in excess of the minimum, the Court must consider "whether the facts contained in the Complaint, as well as any evidence adduced by Plaintiffs in their filings, provide us with a sufficient basis to determine whether the requested statutory damages are just." Broad. Music, Inc. v. Longhorn, 2016 WL 164607, at *3.

III. Copyright Infringement

The Court granted a default judgment to Plaintiff for Copyright Infringement under 17 U.S.C. § 501. [Docket Item 19]. Plaintiff has requested statutory damages, and is therefore entitled to damages "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504 (c)(1). Additionally,

4

under 17 U.S.C. § 504 (c)(2), "in a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C.A. § 504 (c)(2). Plaintiff has argued that Defendant was willful and requested the maximum enhanced statutory damages.

The Court must first decide if Plaintiff has met his burden to show willfulness. A finding of willfulness requires the plaintiff "to show that the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyrights." Original Appalachian Artworks, 658 F. Supp. at 464. Plaintiff has certified that the image at issue was only ever published on his website, and had safeguards designed to "prevent[ ] viewers from saving copies of my images by right clicking or otherwise trying to download electronic copies of my images." (Kennedy Dec. ¶¶ 9, 19). Plaintiff stated that each page of Plaintiff's website includes a copyright notice and "clearly sets forth plaintiff's contact information, identifies each image as copyrighted by plaintiff, proscribes any illegal copying, and sets forth protocols and procedures for the event that a viewer desire to license one of plaintiff's images." (Supp. Br. at 5; Kennedy Dec. ¶¶ 11-14). Plaintiff also argues that the removal of copyright management information constitutes willfulness. (Id.)

5

The Court finds that Plaintiff has met his burden of showing that the behavior was willful, as Defendant knew or very clearly should have known that the images on Plaintiff's image licensing website could not be used without Plaintiff's permission.

Even when infringement is found to be willful, this Court has "wide discretion as to the damages actually awarded." Broadcast Music, Inc. v. DeGallo, Inc., 872 F.Supp. 167, 169 (D.N.J. 1995). "[A]wards outside the ordinary statutory range are made only in 'exceptional cases'. . . and there must be evidence of 'especially egregious circumstances' before the enhanced damages become appropriate." Schiffer, 2005 WL 67077, at *5 (citing Nimmer on Copyright § 14.04[B][3] and Joe Hand Promotions v. Burg's Lounge, 955 F. Supp. 42, 44 (E.D. Pa. 1997)); see also Granger v. One Call Lender Servs., LLC, No. CIV.A. 10-3442, 2012 WL 3065271, at *3 (E.D. Pa. July 26, 2012). As the Schiffer court explained, "[C]ourts often award heightened damages where a defendant is a counterfeiter, a chronic copyright infringer, or if, after receiving notice of Plaintiff's claims, takes no action to investigate and merely continues its' infringing behavior." Schiffer, 2005 WL 67077, at *5.

In the instant case, Plaintiff sent notice of the infringement via letter to Defendant on October 8, 2014. (Compl. ¶ 27). Defendant responded to the Plaintiff's letter via telephone on November 14, 2014. (Compl.¶ 29). The image was subsequently and

promptly removed. (Compl. Ex. E). Given these facts, the Court does not find especially egregious circumstances justifying the issuance of heightened damages.

The Court will next look to the Original Appalachian Artworks factors. See 658 F. Supp. at 465. The factors require an analysis of the expenses saved and profits reaped by the infringer, and revenue lost by the plaintiff. See id. Plaintiff has not provided his licensing fee, but has stated that he was paid $7,600 to create and license a number of photos, including the image at issue in this case. (Kennedy Dec. ¶¶ 22, 23). This figure, while useful, is necessarily larger than the cost of licensing or producing the individual photo, since it includes multiple photos and the expenses of the entire photo shoot. The Court is also unable to unable to identify the profits reaped by the infringer as measured against the licensing fee. However, the Court observes that the image was placed on Defendant's website, and that Plaintiff has not argued that it was otherwise sold or distributed. Additionally, the Original Appalachian Artwork factors also require an assessment of the Defendant's behavior and conduct and the public interests at stake. See 658 F. Supp. at 465; see also Broad. Music, Inc. v. Longhorn Corral, 2016 WL 164607, at *3.

Given these considerations, the Court finds that $7,600 is an appropriate amount of statutory damages for Defendant's infringement. In awarding Plaintiff this sum, the Court has taken

7

willfulness into account; the award is nearly ten times the statutory minimum. See Granger v. One Call Lender Servs., LLC, No. CIV.A. 10-3442, 2012 WL 3065271, at *3 n.4(E.D. Pa. July 26, 2012)(awarding Plaintiff his licensing fees in a willfulness case using a multiplier of ten and finding $150,000 clearly excessive). While the $7,600 award includes the licensing fee, the Court finds it likely that the award is much greater than the licensing fee alone, ensuring "that defendant will be put on notice that it costs less to obey the copyright laws than to violate them." See Broad. Music, 555 F. Supp. 2d at 544 (quoting A & N Music Corp. v. Venezia, 733 F. Supp. 955, 958 (E.D. Pa. 1990)). At the same time, the figure is proportionate to the severity of the infringement and the Defendant's conduct, which was a one-time willful posting of one image to Defendant's website and prompt removal after notification of infringement. See Broadcast Music, Inc. v. DeGallo, Inc., 872 F.Supp. at 169. For the aforementioned reasons, the Court finds that $7,600 is sufficient to compensate the Plaintiff and deter the Defendant from future violations. See Broad. Music, 555 F. Supp. 2d at 544.

IV. Copyright Management Information

This Court also granted a default judgment as to liability for the Defendant's removal of copyright management information under 17 U.S.C. § 1202. [Docket Items 18, 19]. Plaintiff may

recover an award of statutory damages for each violation "in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B). Unlike in the copyright infringement context, there is no willfulness enhancement.

Plaintiff has requested the statutory maximum of $25,000 for the Defendant's removal of copyright management information. Plaintiff's copyright management information consists of a yellow watermark, "physically made a part of each image," which includes Plaintiff's name, contact information, and the fact the rights to the image belong to the Plaintiff. (Supp. Br. at 5). Plaintiff certified that he "further embed[s] each image electronically with identifying information and metadata." (Kennedy Dec. ¶ 8). Plaintiff has stated that Defendant "brazenly displayed plaintiff's image, with the copyright management information removed. . . ." (Supp. Br. at 5). Defendant removed the copyright management watermark by cropping the photographic image to exclude the watermarked area. (See Compl. Ex. A; Compl. Ex. C).

The Court notes that the removal of the copyright management information assisted with the copyright infringement, allowing Defendant to present the photo in cropped form on Defendant's website. However, given the circumstances of the infringement discussed in part II, this Court holds that $25,000 is excessive. This Court finds that $5,000, or twice the statutory minimum for the removal of copyright management information, is reasonable and

just. In making this determination, the Court has considered the Defendant's conduct as well as the dual purposes of statutory damages to compensate and deter. See Broad. Music, 555 F. Supp. 2d at 544.

Accordingly, Plaintiff has proved his entitlement to default judgment in the amount of $12,600 plus costs. The accompanying Default Judgment will be entered.

 **February 5, 2016**      **s/ Jerome B. Simandle**
Date            JEROME B. SIMANDLE
              Chief U.S. District Judge